{¶ 19} I respectfully dissent, as I disagree with the majority's conclusion that the jury's award of non-economic damages on Whitaker's CSPA claims was not supported by sufficient evidence.
 {¶ 20} I begin by clarifying the procedural posture of this case. Whitaker's claims against Montrose were tried before a jury in May of 2003. At the close of the case, the trial court granted a directed verdict in favor of Montrose on Whitaker's fraud claim. The jury rendered a verdict in favor of Whitaker on his *Page 12 
claims for conversion and violation of the CSPA and awarded him $315,000 in damages ($105,000 trebled) and $155,056.70 in attorney fees and expenses. Both parties appealed. Upon review, this Court held that the jury's damage award was not supported by sufficient evidence. In addition, we determined that plaintiffs can only recover economic damages under the CSPA. We also held that the trial court failed to clearly set forth the basis for its award of attorney fees. We found no error in the trial court's decision directing a verdict in favor of Montrose on Whitaker's fraud claim.
 {¶ 21} The Ohio Supreme Court accepted the matter as a discretionary appeal to clarify the types of damages available under R.C. 1345.09. Upon review, the Court found that "[i]n an action brought under the [CSPA], all forms of compensatory relief, including noneconomic damages, are included within the term `damages' in R.C. 1345.09(A)." WhitakerII, supra, at paragraph one of the syllabus. The Ohio Supreme Court remanded the matter to this Court so that we could determine whether the sufficiency and manifest weight of the evidence support an award of non-economic damages.
 {¶ 22} The majority today holds that the evidence in support of an award of $105,000 in non-economic damages in this case is insufficient as a matter of law. In so holding, they would remand the case to the trial court with instructions to limit Whitaker's damages to those set forth in R.C. 1345.09(B). A careful review *Page 13 
of controlling legal authority considered in light of the dictates of the Ohio Supreme Court compels the opposite result.
 {¶ 23} At the outset it is necessary to reiterate the well established principle that the assessment of damages is thoroughly within the dominion of the jury and that we are not free to disturb the jury's finding "absent an affirmative finding of passion and prejudice[.]"Roe v. Heim (Dec. 8, 1999), 9th Dist. No. 19432, at *5, citingWilburn v. Cleveland Elec. Ilium. Co. (1991), 74 Ohio App.3d 401, 413.
 {¶ 24} We are further constrained by the sufficiency of the evidence standard which requires our affirmance of the jury's verdict when "`the evidence is legally sufficient to support the jury verdict as a matter of law.'" Bryan-Wollman, supra, at ¶ 3, quoting Thompkins,78 Ohio St.3d at 386 (discussing sufficiency as a test of adequacy). A challenge to the sufficiency of the evidence tests whether the evidence introduced at trial is legally sufficient to support a verdict as a matter of law. See id. Black's Law Dictionary provides guidance for our application of the term "sufficient" evidence, defining sufficient as "[adequate; of such quality, number, force, or value as is necessary for a given purpose[.]" Black's Law Dictionary (8 Ed.Rev.1999) 1474.
 {¶ 25} The Supreme Court in Whitaker II reversed this Court's finding that non-economic damages were disallowed under the CSPA. On remand, our charge was to determine the sufficiency of evidence and whether the manifest weight of the evidence of record supports the jury's award of non-economic damages. The *Page 14 
majority misapprehends the holding of the Supreme Court. The Court in remanding to this Court did not "imply" the propriety of non-economic damages where the evidence does not support an award of economic damages. The Court held that in an action brought under the CSPA, "all forms of compensatory relief are included in the term "damages", including non-economic damages. (Emphasis added.) Whitaker II, supra, at paragraph one of the syllabus. Nothing in the opinion of the Court suggests proof of economic damages as a condition precedent to recovery of non-economic damages. The Court further explained that "[t]he actual damages proven, whether economic or non-economic, are subject to trebling under R.C. 1345.09(B)." Id. at paragraph two of the syllabus.
 {¶ 26} The majority finds no connection between Whitaker's non-economic damages and Montrose's violations of the CSPA. According to the majority, Whitaker failed to meet his burden because he did not connect each specific act of embarrassment, frustration, inconvenience, etc., to the jury finding of a specific unfair and deceptive trade practice committed by Montrose. The majority has, however, without any discernable legal support, elevated Whitaker's burden above that established by the Ohio Supreme Court, which held that "[t]o the extent that the evidence shows intentional or malicious actions on the part of Montrose, Whitaker may recover damages for mental anguish or emotional distress as part of his CSPA remedy." Id. at ¶ 31. *Page 15 
 {¶ 27} In contrast to the majority's position, the evidence establishes a clear nexus between Whitaker's embarrassment, frustration and inconvenience and the jury's findings that Montrose committed deceptive trade practices. As the majority points out, non-economic damages in CSPA actions have included "damages for inconvenience, aggravation, frustration, and humiliation for misrepresentations" and for "mental distress" and "anguish." Id. at ¶ 20-21. The record reflects that Whitaker was "visibly upset", embarrassed, disturbed and frustrated by the situation with Montrose. In addition, he testified that he and others were inconvenienced by the ordeal.
 {¶ 28} The jury specifically and unanimously found that Montrose engaged in unfair and deceptive trade practices in violation of the CSPA, by, among other acts, (1) attempting to persuade Whitaker, after the sale, to repudiate the purchase of goods and services and purchase other goods and services in their stead, by any means, including accepting a consideration for the offered goods or services, then switching the consumer to other goods or services and (2) entering into a consumer transaction while knowing at the same time of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction. At base, the jury's award of non-economic damages clearly reflects their finding that Whitaker was "visibly upset", embarrassed, disturbed and frustrated by Montrose's actions in letting him take the vehicle as his own under *Page 16 
one financial arrangement and then detrimentally changing the terms of the agreement a few days later.
 {¶ 29} I would find that the evidence is legally sufficient to support the amount of damages awarded by the jury. Bryan-Wollman, supra, at ¶ 3. I find no evidence that the jury's verdict resulted from passion or prejudice. Roe, supra, at *5. Conversely, a jury of Whitaker's peers clearly found that he was entitled to the damages he had proven. The record is replete with evidence that Whitaker was inconvenienced, frustrated and humiliated by the conduct of Montrose.
 {¶ 30} Although the majority has cited the correct standard of review, in practice they have failed to apply it. In doing so, they have usurped the authority of the trier of fact. See id. Such a disregard for the role of the fact finder portends disastrous results, not the least of which is the reversal of decades of decisions deferring to the jury's findings of fact. As stated earlier, the record is replete with evidence to support the jury's verdict. However, it is important to note that the record need not be replete with evidence to necessitate our affirmance. We are required to affirm the jury's decision if it is legally sufficient as a matter of law or simply "adequate".Bryan-Wollman, supra, at ¶ 3; Black's Law, supra. I would find that the jury's decision is, at the least, supported by legally sufficient or *Page 17 
adequate evidence. Accordingly, I would affirm the jury's award of non-economic damages.[2]
[2] On December 14, 2006, the Ohio General Assembly amended Ohio Revised Code Section 1345.09 by Substitute Senate Bill 117. On motion for reconsideration or stay, the Ohio Supreme Court amended its decision in State ex rel. Ohio Gen. Assembly v. Brunner, 114 Ohio St.3d 386,2007-Ohio-3780, and held that Am. Sub. S.B. No. 117 became law on August 1, 2007. See State ex rel. Ohio Gen. Assembly v. Brunner,115 Ohio St.3d 103, 2007-Ohio-4460. Montrose submitted the revised statute as supplemental authority urging a limitation of damages to the amount set by the statute as amended. While I recognize the dispute regarding the applicability of the amended statute to the instant matter, it would be improvident to address it at this time, given the decision of the majority in this case. *Page 1